UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE 15-61002-CIV-DIMITROULEAS/SNOW

ABS-CBN CORPORATION, *et al.*,

       Plaintiffs,

vs.

FREEPINOYCHANNEL.COM, *et al.*,

       Defendants.
_____/

**PLAINTIFFS' MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3) AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

       Plaintiffs, ABS-CBN Corporation, ABS-CBN Film Productions, Inc. d/b/a Star Cinema, and ABS-CBN International Corporation ("Plaintiffs" or "ABS-CBN"), hereby move this Honorable Court for an order authorizing alternate service of process on Defendants, the Individuals, the Partnerships, and Unincorporated Associations identified on Schedule "A" hereto ("Defendants") and Does 1-100 via electronic mail ("e-mail") and publication service pursuant to Federal Rule of Civil Procedure 4(f)(3). In support thereof, Plaintiffs submit the following memorandum of law.

**I.     INTRODUCTION**

       As alleged in Plaintiffs' Complaint, the named Defendants and various unknown associates are knowingly and intentionally advertising, and performing Plaintiffs' copyrighted works for instant streaming and using Plaintiffs' trademarks without authorization through the Internet websites operating under their individual, partnership and/or unincorporated association names identified on Schedule "A" hereto (the "Subject Domain Names").

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiffs request an order authorizing alternate service of process on Defendants via electronic mail ("e-mail") and website publication.  E-mail and publication service is appropriate and necessary in this case, because Defendants (1) operate anonymously via the Internet using false physical address information in connection with their Subject Domain Names in order to conceal their location and avoid liability for their unlawful conduct; and (2) rely on electronic communications to operate their business. Notwithstanding Defendants' concealment of their physical location, Plaintiffs have the ability to contact Defendants directly and provide notice of Plaintiffs' claims against them electronically via e-mail to Defendants' known e-mail addresses. Additionally, Plaintiffs have created a publication website and have posted copies of the Complaint, Application for Alternate Service, and all other documents on file in this action. Plaintiffs respectfully submit that an order allowing service of process and service of all subsequent pleadings and discovery via e-mail and/or publication will benefit all parties and the Court by ensuring Defendants receive immediate notice of the pendency of this action and allowing this action to move forward expeditiously.  Absent the ability to serve Defendants by e-mail and/or publication, Plaintiffs will almost certainly be left without the ability to pursue a remedy.

II.     **STATEMENT OF FACTS**

**Defendants Have Purposefully Falsified Or Concealed Their Public Physical Address Data But Have Provided Valid E-mail Addresses.**

According to regulations established by the Internet Corporation for Assigned Names and Numbers ("ICANN"), an individual or entity which registers a domain name is required to provide complete and accurate registration information for the domain name. (See ICANN Uniform Domain Name Dispute Resolution Policy ¶ 2 attached as Exhibit "A" to the Declaration of Stephen M. Gaffigan in Support of Plaintiffs' Motion for Order Authorizing Alternate Service

2

of Process on Defendants ["Gaffigan Decl."] filed herewith.) As demonstrated below, Defendants have ignored the applicable ICANN regulations and either secreted or provided false physical address information to their domain name registrars in order to avoid liability for their criminal conduct.

However, Plaintiffs are able to provide Defendants with notice of this action via e-mail and/or via website publication. Specifically, Defendants are able to receive notice of this action electronically via e-mail to Defendants' e-mail addresses identified in the domain registration records for the Subject Domain Names, or via e-mail and/or onsite contact form to Defendants' registrars.[1] As a practical matter, defendants who operate Internet websites must maintain accurate e-mail addresses where their domain registrars may communicate with them regarding issues related to the purchase, transfer, and maintenance of their domain name accounts. Furthermore, it is necessary for defendants who profit through advertising partnerships, such as Defendants, to provide their advertising partners with accurate e-mail addresses by which said advertising partners may contact the Defendants to ask questions about the advertisements and advertising methods on the Defendants' websites, as well as communicate regarding general account information. Additionally, Plaintiffs have created a publication website appearing at the URL, http://servingnotice.com/BL4G47/index.html, such that anyone accessing the website will find copies of all documents currently filed in this action.

---

[1] Defendants lambigan.to (Defendant Number 2); pinoymovie.to (Defendant Number 3); and pinoynetwork.to (Defendant Number 4) appear to have not provided, or failed to maintain, working e-mail addresses as part of their domain registration data or on their websites. However, as to these Defendants, Plaintiff will provide service of this action via their respective registrars and via publication on Plaintiff's publication website, http://servingnotice.com/BL4G47/index.html, to which all Defendants' websites are currently redirecting.

3

Plaintiffs' counsel obtained the publicly available domain name registration records ("WHOIS" records) for the Subject Domain Names, identifying the contact information Defendants provided their registrars. (See Declaration of Stephen M. Gaffigan in Support of Plaintiffs' *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction[2] ["Gaffigan Decl. in Support of TRO"] ¶ 3 and Composite Exhibit "A" thereto, ECF Nos. [8] and [8-1] at p. 2.) Plaintiffs' counsel then requested Marianne Webster ("Webster"), of Investigative Consultants, a licensed private investigative firm, headquartered in California, verify the accuracy of the physical addresses provided by the Defendants in connection with the WHOIS registration records for the Subject Domain Names. (Gaffigan Decl. ¶ 5; Declaration of Marianne Webster in Support of Plaintiffs' Motion for Order Authorizing Alternate Service of Process on Defendants ["Webster Decl."] ¶ 3, filed herewith.) Webster investigated the physical contact information provided by Defendants in connection with the WHOIS domain registrations for the Subject Domain Names, and she determined the addresses to be invalid for service of process on Defendants. (See Webster Decl. ¶ 4 and Exhibit "A" attached thereto, outlining Webster's investigation and the specific basis for her determination that the physical contact addresses are false, incomplete, and/or invalid for service on the Defendants.)

The evidence makes it abundantly clear that Defendants intentionally falsified or concealed[3] their physical address data. Moreover, after conducting a diligent investigation,

---

[2] On May 15, 2015, Plaintiffs filed their *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction ("Application for TRO"), ECF No. [6], together with supporting declarations and exhibits, ECF Nos. [7] through [8], which are incorporated herein by reference.

[3] Defendant lambingan.to (Defendant Number 2), Defendant pinoymovie.to (Defendant Number 3) and Defendant pinoynetwork.to (Defendant Number 4), completely concealed their respective physical address information. Webster conducted research to obtain a physical address, but was unable to identify any physical address to be associated with these Defendants. (See Exhibit "A" to the Webster Decl.)

4

Plaintiffs were unable to identify any valid physical address for service of process on Defendants. (Webster Decl. ¶ 5; Gaffigan Decl. ¶ 6.) Thus, based on Defendants' provision of invalid or concealed postal addresses and Plaintiffs' inability to find other physical addresses for them, Plaintiffs cannot serve Defendants by traditional means.

Despite falsifying their physical contact address data, Defendants can receive actual notice of this action electronically. Specifically, Plaintiffs notified Defendants of the injunctive relief entered in this action by serving copies of, *inter alia*, the Complaint, the Court's Order granting Plaintiffs' motion for temporary restraining order via e-mail to Defendants' e-mail addresses identified in the registration records for the Subject Domain Names, and/or via e-mail and onsite contact form to Defendants' registrars. (See Gaffigan Decl. ¶ 10; see also ECF Nos. [12] and [13], Certificates of Service.) At least one e-mail for each Defendant was not bounced back nor returned as "undeliverable," thereby demonstrating the e-mails were delivered and the e-mail addresses are valid and operational. (Id.) See Chanel, Inc. v. Zhixian, Case No. 10-cv-60585-JIC, 2010 WL 1740695, at *3 (S.D. Fla. April 29, 2010) (finding that e-mails sent to e-mail addresses supplied by Defendant to his domain name registrars that did not bounce back presumptively reached Defendant). Accord Bottega Veneta Int'l S.A.R.L. v. Pan, Case No 10-cv-62334-WJZ, 2010 WL 8424472 at *2 (S.D. Fla. Dec. 9, 2010) (same).

Additionally, Plaintiffs have created a publication website appearing at the URL http://servingnotice.com/BL4G47/index.html, such that anyone accessing the website will find copies of all documents filed in this action. (Gaffigan Decl. at ¶ 11.) The address and a link to the publication website have been provided to Defendants via their known e-mail accounts and will be included upon service of process in this matter.

5

### III.   ARGUMENT

Pursuant to Federal Rule of Civil Procedure 4(h)(2), a foreign partnership or other unincorporated association may be served with process in any manner prescribed by Rule 4(f) for serving foreign individuals. Federal Rule of Civil Procedure 4(f)(3), allows a district court to authorize an alternate method for service to be effected upon a foreign defendant, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendant.  In the present matter, alternate service of process via e-mail and website publication is appropriate given Defendants' decision to conceal their physical location and because they have established extensive Internet-based businesses which rely on electronic communication for their operation.  Accordingly, this Court should permit service by e-mail and website publication.

### A.   The Court May Authorize Service via Electronic Mail and Publication Pursuant to Federal Rule of Civil Procedure 4(f)(3).

Federal Rule of Civil Procedure 4(h)(2) allows a foreign business entity to be served with process "in any manner prescribed by Rule 4(f)," including any manner ordered under Rule 4(f)(3). U.S. Commodity Futures Trading Comm'n v. Aliaga, 272 F.R.D. 617, 619 (S.D. Fla. 2011). A foreign partnership or other unincorporated association can therefore be served pursuant to Rule 4(f)(3). Id. Federal Rule of Civil Procedure 4(f)(3) allows alternative methods for service of process, so long as those methods are not prohibited by international agreement and are directed by the Court.  See Prewitt Enters., Inc. v. The Org. of Petrol. Exporting Countries, 353 F.3d 916, 923 (11th Cir. 2003).  See also Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007); Rio Props. Inc., v. Rio Int'l Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002).  In fact, "as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." Chanel, Inc. v.

6

Zhixian, 2010 WL 1740695, at * 2 (quoting Rio Props., 284 F.3d at 1014 and citing Mayoral–Amy v. BHI Corp., 180 F.R.D. 456, 459 n. 4 (S.D. Fla. 1998)).

The plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing an alternate means of service lies within the sole discretion of the District Court. Prewitt Enters., Inc., 353 F.3d at 921; Rio Props., 284 F.3d at 1116. See, e.g., Brookshire Bros., Ltd., 2007 WL 1577771, at *2 (noting that "district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service"); In re Int'l Telemedia Assocs., 245 B.R. 713, 720 (N.D. Ga. 2000) (noting that Rule 4(f)(3) is designed to allow courts discretion and broad flexibility to tailor the methods of service for a particular case). Rule 4 does not require a party attempt service of process by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the court for alternative relief under subsection 4(f)(3). Rio Props., 284 F.3d at 1114-15. See also Brookshire Bros., Ltd., 2007 WL 1577771, at *1. In Brookshire, the Honorable Judge Marcia G. Cooke allowed substitute service on a party's attorney pursuant to Rule 4(f)(3) holding as follows:

> Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f) and each subsection is separated from the one previous merely by the simple conjunction 'or.' Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates the primacy, and certainly Rule 4(f)(3) indicates no qualifiers or limitations which indicate its availability only after attempting service of process by other means.

Brookshire Bros., Ltd., 2007 WL 1577771, at *1 (quoting Rio Props., 284 F.3d at 1015). Accord TracFone Wireless, Inc. v. Bitton, 278 F.R.D. 687, 692 (S.D. Fla. Jan 11, 2012) (noting that, in regards to Rule 4(f)(3), "there is no indication from the plain language of the Rule that the three subsections, separated by the disjunctive "or," are meant to be read as a hierarchy.") Judge

7

Cooke further held, "[t]he invocation of Rule 4(f)(3), therefore, is neither a last resort nor extraordinary relief." Brookshire Bros., Ltd., 2007 WL 1577771, at *2.

Additionally, the Constitution itself does not mandate that service be effectuated in any particular way.  Rather, Constitutional due process considerations require only that the method of service selected be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Brookshire Bros., Ltd., 2007 WL 1577771, at *1 (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)); see also TracFone Wireless, Inc., 278 F.R.D. at 692; Rio Props., 284 F.3d at 1016.  Accordingly, federal courts have allowed a variety of alternative service methods, including service by e-mail and website publication, where a plaintiff demonstrates the likelihood that the proposed alternative method of service will notify a defendant of the pendency of the action. See, e.g., Rio Props., 284 F.3d at 1017 (holding, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable"); In re Int'l Telemedia Assocs., 245 B.R. at 721 ("If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them."); The Courts in both cases determined e-mail service to be appropriate in part because, as in this case, the defendants therein conducted their business over the Internet, used e-mail regularly in their business, and encouraged parties to contact them via e-mail.  See id. National Association for Stock Car Auto Racing, Inc. v. Does, 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008) (in "acknowledging the realities of the twenty-first century and the information age, the Court determined that the most appropriate place for publication was [Plaintiff's Website].").

8

Here, service on Defendants by e-mail and/or website publication will satisfy due process by apprising them of the action and giving them the opportunity to answer Plaintiffs' claims. Defendants are surreptitiously operating the Subject Domain Names and associated domain names, and have secreted their physical location in a manner that prohibits Plaintiffs from physically serving process on them. (<u>See</u> Gaffigan Decl. ¶ 6; Webster ¶¶ 4-5.) However, Plaintiffs have verified that Defendants' e-mail addresses are operational and therefore a reliable means of communicating with them. (<u>See</u> Gaffigan Decl. ¶ 10.). Moreover, service of process can easily be effectuated on Defendants via Plaintiffs' publication website and further notice may also be effectuated through providing a link to the publication website through e-mail to Defendants' e-mail addresses. (<u>See</u> Gaffigan Decl. ¶ 10.) The suggested electronic methods are the most reliable means of providing Defendants with notice of this action.

E-mail service on an online business defendant is appropriate and constitutionally acceptable in a case such as this when the plaintiff is unable to personally serve the defendant at a physical address and has proven that e-mail is the most effective means of providing the defendant notice of the action. <u>See</u> <u>Rio Properties</u>, 284 F.3d at 1017 (concluding "not only that service of process by e-mail was proper—that is, reasonably calculated to apprise [the defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [the defendant]."). <u>See also</u> <u>Popular Enters., LLC v. Webcom Media Group, Inc.</u>, 225 F.R.D. 560, 562 (E.D. Tenn. 2004) ("Under the facts and circumstances presented here, Rule 4(f)(3) clearly authorizes the court to direct service upon defendant by e-mail. The rule is expressly designed to provide courts with broad flexibility in tailoring methods of service to meet the needs of particularly difficult cases. Such flexibility necessarily includes the utilization of modern communication technologies to effect service

when warranted by the facts) (citation omitted). The Rio Properties and Popular Enters., LLC courts each determined e-mail service to be appropriate in part because, as in this case, the defendants conduct their business online, use e-mail in their business, and encourage parties to contact them via e-mail. See id.

Likewise, in cases that are factually similar to this one, a number of Courts have held that alternate forms of service pursuant to Rule 4(f)(3), such as e-mail service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." See TracFone Wireless, Inc., 278 F.R.D. at 693 (finding that service of process by e-mail was reasonably calculated to apprise Defendants of the action and give it an opportunity to respond); Popular Enters., LLC, 225 F.R.D. at 563 (same); Chanel, Inc. v. Zhixian, 2010 WL 1740695, at *3 (e-mail service "reasonably calculated to notify Defendants of the pendency of this action and provide him with an opportunity to present objections."); In re Int'l Telemedia Associates, 245 B.R. at 722 ("A defendant should not be allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules.  Rule 4(f)(3) appears to be designed to prevent such gamesmanship by a party." (concluding e-mail and facsimile service to be appropriate)); Chanel, Inc. v. Zhibing, No. 09-cv-02835, 2010 WL 1009981, at *4 (W.D. Tenn. March 17, 2010) (stating that e-mail service has the "greatest likelihood" of reaching e-commerce merchants and noting, "The federal judiciary's own CM/ECF system alerts parties . . . by e-mail messages." Alternate service via e-mail granted).[4]  Plaintiffs submit that allowing e-mail service in the

---

[4] See also Gucci America, Inc., v. 2014Gucci.com, Case No. 14-cv-62963-WPD (S.D. Fla. Feb. 20, 2015) (order authorizing alternate service of process via e-mail); Chanel, Inc. v. chanel-bags-us.com, Case No. 14-cv-62601-WPD (S.D. Fla. Dec. 24, 2014) (same); S.A.S. Jean Cassegrain v. 2014longchamp.com, Case No. 14-cv-62496-WPD (S.D. Fla. Dec. 24, 2014) (same); Mycoskie, LLC v. besttomsshoes.com, Case No. 14-cv-62286-WPD (S.D. Fla. Nov. 17, 2014)

present case is appropriate and comports with constitutional notions of due process, particularly given Defendants' decision to conduct their illegal Internet-based businesses anonymously.

Additionally, service of a defendant via publication on a website has been deemed an appropriate means of service by publication.  National Association for Stock Car Auto Racing, 584 F. Supp. 2d at 826.[5]  A proposed method of publication need only be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  National Association for Stock Car Auto Racing, 584 F. Supp. 2d at 826 (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 315-16, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). In National Association for Stock Car Auto

---

(same); Lacoste Alligator, S.A. v. 02mengmeng, Case No. 14-cv-62121-WPD (S.D. Fla. Oct. 31, 2014) (same); Abercrombie & Fitch Trading Co. v. allstar574, Case No. 14-cv-61895-WPD (S.D. Fla. Oct. 2, 2014) (same); Acushnet Company v. 72golfshop.com, Case No. 14-cv-61184-WPD (S.D. Fla. Aug. 19, 2014) (same); Chanel, Inc. v. chanelbags360sale.com, Case No. 14-cv-61549-WPD (S.D. Fla. Aug. 8, 2014) (same); Gucci America, Inc. v. buycheapguccishoes.com, Case No. 14-cv-60907-WPD (S.D. Fla. May 15, 2014) (same); Chanel, Inc. v. eluxury.com.co, Case No. 14-cv-61549-WPD (S.D. Fla. Jan. 15, 2014) (same); Chanel, Inc. v. chanelestore.com, Case No. 13-cv-62249-WPD (S.D. Fla. Dec. 9, 2013, entered on docket Dec. 10, 2013) (same); Chanel, Inc. v. amazing4scarf.com, Case No. 13-cv-61841-WPD (S.D. Fla. Oct. 22, 2013) (same); Gucci America, Inc. v. beststoreol.com, Case No. 13-cv-21637-WPD (S.D. Fla. July 23, 2013) (same).

[5] See also Gucci America, Inc., v. 2014Gucci.com, Case No. 14-cv-62963-WPD (S.D. Fla. Feb. 20, 2015) (Order granting alternative service via e-mail and website publication service); Chanel, Inc. v. chanel-bags-us.com, Case No. 14-cv-62601-WPD (S.D. Fla. Dec. 24, 2014) (same); S.A.S. Jean Cassegrain v. 2014longchamp.com, Case No. 14-cv-62496-WPD (S.D. Fla. Dec. 24, 2014) (same); Mycoskie, LLC v. besttomsshoes.com, Case No. 14-cv-62286-WPD (S.D. Fla. Nov. 17, 2014) (same); Lacoste Alligator, S.A. v. 02mengmeng, Case No. 14-cv-62121-WPD (S.D. Fla. Oct. 31, 2014) (same); Abercrombie & Fitch Trading Co. v. Allstar574, Case No. 14-cv-61895-WPD (S.D. Fla. Oct. 2, 2014) (same); Acushnet Company v. 72golfshop.com, Case No. 14-cv-61184-WPD (S.D. Fla. Aug. 19, 2014) (same); Chanel, Inc. v. Chanelbags360sale.com, Case No. 14-cv-61549-WPD (S.D. Fla. Aug. 8, 2014) (same); Gucci America, Inc. v. Buycheapguccishoes.com, Case No. 14-cv-60907-WPD (S.D. Fla. May 15, 2014) (same); Chanel, Inc. v. Eluxury.com.co, Case No. 14-cv-61549-WPD (S.D. Fla. Jan. 15, 2014) (same); Chanel, Inc. v. Chanelestore.com, Case No. 13-cv-62249-WPD (S.D. Fla. Dec. 9, 2013, entered on docket Dec. 10, 2013) (same); Chanel, Inc. v. Amazing4scarf.com, Case No. 13-cv-61841-WPD (S.D. Fla. Oct. 22, 2013) (same); Gucci America, Inc. v. Beststoreol.com, Case No. 13-cv-21637-WPD (S.D. Fla. July 23, 2013) (same).

Racing, Inc. v. Does, the United States District Court for the Western District of North Carolina determined that Plaintiff could serve "Doe" defendants and apprise those defendants of a pending preliminary injunction hearing via publication on the plaintiff's website.  National Association for Stock Car Auto Racing, Inc., 584 F. Supp. 2d at 826.

Accordingly, Plaintiffs have created a website appearing at the URL http://servingnotice.com/BL4G47/index.html, whereon copies of the Complaint, pleadings, documents, and orders issued in this action have been posted.  (See Gaffigan Decl. ¶ 11.) The address and a link to the publication website have been e-mailed directly to Defendants' known e-mail accounts and will be included upon service of process in this matter. Id. Publication of the Summonses, Complaint, and all subsequent pleadings, documents, and orders issued in this action will provide publication notice to Defendants sufficient to meet the due process requirements for service of process and notice pursuant to Federal Rules of Civil Procedure 4 and 65, respectively, apprise Defendants of the pendency of the action and afford Defendants and any other interested parties an opportunity to present their objections.

    **B.**    **E-mail and Publication Service are Not Prohibited by International Agreement.**

Plaintiffs respectfully submit that the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Service Convention") does not apply in this case.  (Gaffigan Decl. ¶ 8 and Composite Exhibit "B" attached thereto, Hague Service Convention and list of signatory Members.[6]) Based upon the onsite information and investigative data provided, Plaintiffs have good cause to suspect

---

[6] See also Hague Service Convention, November 15, 1965, 20 U.S.T. 361, available at http://www.hcch.net/index_en.php?act=conventions.text&cid=17 (last visited June 11, 2015) (full text of the Hague Service Convention); http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (last visited June 11, 2015) (Status Table: listing the current contracting states).

12

Defendants are residents of the Republic of the Philippines ("ROP"). (Gaffigan Decl. ¶ 7.) Accordingly, the Hague Service Convention does not apply as the ROP is not a signatory thereto. (Gaffigan Decl. ¶ 8.) Moreover, there are no other service treaties between the United States and the ROP. As noted above, Plaintiffs have diligently investigated Defendants and attempted to ascertain a valid address for service of process upon them, without success. (See Webster Decl. ¶¶ 4-5; Gaffigan Decl. ¶ 6.) Thus, as a result of Defendants' own efforts to conceal their location, Plaintiffs are unable to determine their physical whereabouts.

      C.     **E-mail and Publication Service Are Not Prohibited by International Law.**

The issuance of the requested service order pursuant to Rule 4(f)(3) is not contrary to or likely to offend the law of the ROP.  Specifically, the law of the ROP does not appear to prohibit the service of process by e-mail and allows for alternate service means, including publication, in certain circumstances. (See Gaffigan Decl. ¶ 9 and Exhibit "C" attached thereto, the English language version of the Rules of Civil Procedure, As Amended, of the Republic of the Philippines.) The Rules of Civil Procedure, As Amended, specifically provide for service of the pleadings by mail in Rule 13, Section 5: "Modes of service. — Service of pleadings motions, notices, orders, judgments and other papers shall be made either personally or by mail." (Id.) Substitute service of the summons in the ROP requires under Rule 14, Section 7, that service be "effected by leaving copies at defendant's office or regular place of business with some competent person in charge thereof." (Id.) Plaintiffs submit that e-mail serving the Defendants is analogous to leaving a copy at their place of business, because Defendants conduct business exclusively online through their websites. The ROP also allows for publication service of the summons in Rule 14, Section 14, "Service upon defendant whose identity or whereabouts are unknown. — In any action where the defendant is designated as an unknown owner, or the like,

or whenever his whereabouts are unknown and cannot be ascertained by diligent inquiry, service may, by leave of court, be effected upon him by publication in a newspaper of general circulation and in such places and for such time as the court may order." (Id.) Hence, Plaintiffs submit that allowing service of process upon Defendants in this case via e-mail and publication would be consistent with and not prohibited by the Rules of Civil Procedure, As Amended, of the Republic of the Philippines.[7] See id.  In any event, it is not even clear that service pursuant to Rule 4(f) 3 must always comport with service rules in the relevant foreign country. See Chanel, Inc. v. Zhixian, Case No. 10-cv-60585-JIC, 2010 WL 1740695 (S.D. Fla. April 29, 2010)("Service by e-mail would not appear to conflict with [Article 92 of the CPL, Article 84 prior to the 2012 amendments], and it is questionable whether service effected under Rule 4(f)(3) must always align with the methods authorized in the foreign country where service will take place." citing Rio Props., 284 F.3d at 1015 n. 5 (noting that the rule prohibiting a service method that would violate the foreign state's laws applies only to service effected under Rule 4(f)(2).))

**IV.    CONCLUSION**

For the foregoing reasons, ABS-CBN Corporation, ABS-CBN Film Productions, Inc. d/b/a Star Cinema, and ABS-CBN International Corporation, respectfully request this Court grant the present motion and authorize service of the Summonses, the Complaint, and all subsequent pleadings and discovery in this matter upon each Defendant in this action:

(1) via e-mail to either the e-mail addresses provided by Defendants as part of the domain registration records for each of their respective domain names, including service via registrar, as identified on Schedule "A" hereto; or

---

[7] See ABS-CBN Corporation v. Pinoy-ako.info, Case No. 14-cv-61613-BB (S.D. Fla. Aug. 15, 2014, entered on docket Aug. 18, 2014) ("E-mail service is also reasonably calculated to give notice to Defendants, and does not appear to be contrary to the law of the Philippines.")

(2) via publication by posting copies of the Complaint, Summonses, and all subsequent pleadings and discovery on Plaintiffs' serving notice website appearing at the URL http://servingnotice.com/BL4G47/index.html.

Dated:  June 16, 2015         Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By:  _____s:/*Christine Ann Daley/*_____
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
Christine Ann Daley (Fla. Bar. No. 98482)
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
E-mail: Stephen@smgpa.net
E-mail: Leo@smgpa.net
E-mail: Christine@smgpa.net
Attorneys for Plaintiffs

Case 0:15-cv-61002-WPD   Document 16   Entered on FLSD Docket 06/16/2015   Page 15 of 17

## SCHEDULE "A"
## DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAME

| Defendant Number | Subject Domain Name | E-Mail Address(es) |
|---|---|---|
| 1 | freepinoychannel.com | perfectrangersow@gmail.com |
| 2 | lambingan.to | Service via Registrar |
| 3 | pinoymovie.to | Service via Registrar |
| 4 | pinoynetwork.to | Service via Registrar |
| 5 | pinoytambayan-replay.com | movisddl@gmail.com |
| 6 | pnoytambayantv.com | perfectrangersow@gmail.com |
| 7 | tambaytayo.com | 6529961@privateranger.com |
| 8 | tvnijuan.net | 6529961@privateranger.com |
| 9 | phstream.com | Service via Onsite Contact with Registrar |
| 10 | streampinoy.info | taurus_p71@yahoo.com |
| 11 | tambayanatin.com | E19F75CBA9DB4E178307AA10C796FB4F.PROTECT@WHOISGUARD.COM |

16

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 16, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that a true copy of the foregoing was served this 16th day of June, 2015, upon Defendants via the e-mail addresses provided by Defendants (i) as part of the domain registration records for each of their respective domain names, including service via registrar, and (ii) by posting copies of the same on the URL appearing at http://servingnotice.com/BL4G47/index.html.

    __s/*Christine Ann Daley*/____
    Christine Ann Daley