UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61002-CIV-DIMITROULEAS/SNOW

ABS-CBN CORPORATION, *et al.*,

      Plaintiffs,

vs.

FREEPINOYCHANNEL.COM, *et al.*,

      Defendants.
_____/

## ORDER GRANTING MOTION FOR SECOND AMENDED DEFAULT JUDGMENT AND PERMANENT INJUNCTION TO ADD NEW DOMAIN NAME

THIS CAUSE is before the Court upon Plaintiffs' Second Motion to Amend Final Default Judgment and Permanent Injunction to Add New Domain Name (the "Motion") [DE 59], filed herein on February 13, 2017. The Court has carefully considered the Motion [DE 59] and is otherwise fully advised in the premises.

On September 11, 2015, the Clerk entered a default against Defendants [*see* DE 39] and thereafter, Plaintiffs filed a Motion for Entry of Final Default Judgment and Permanent Injunction against Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" thereto (collectively, "Defendants") for failure to appear, answer or otherwise plead to the complaint filed herein within the time required. *See* [DE 41]. On October 13, 2015, the Court entered an Order Granting Plaintiffs' Motion for Entry of Final Default Judgment and Permanent Injunction ("Permanent Injunction") [DE 47], which permanently enjoined Defendants from, *inter alia*, advertising, promoting, performing, copying, broadcasting, and/or offering to perform or distribute Plaintiffs' content or copyrighted works and advertising,

promoting, using, or causing to be advertised promoted, or offered, services using Plaintiffs' trademarks (the "ABS-CBN Marks"), or any confusingly similar trademarks, on or in connection with all Internet websites registered, owned, operated, or controlled by them. This Court amended that Order on February 12, 2016. *See* [DE 52]. After the entry of the Court's Amended Permanent Injunction, Plaintiffs learned Defendant Number 2 (the "Noncomplying Defendant") continued to wrongfully use Plaintiffs' trademarks and copyrights through newly discovered domain name "lambingan.me" and its associated website [DE 59 at ¶¶ 6-7], in violation of the Court's Permanent Injunction.

A Court that issues a permanent injunction retains continuing jurisdiction to modify it whenever the principles of equity require it to do so. Permanent injunctions may be modified to impose more stringent requirements to ensure the original purposes of the injunction are met. *Exxon Corp. v. Texas Motor Exchange of Houston, Inc.*, 628 F.2d 500, 503 (5th Cir. 1980). If the relief originally ordered has not produced the intended result, the Court "should modify the decree so as to achieve the required result with all appropriate expedition." *United States v. United Shoe Machinery Corp.*, 391 U.S. 244, 252, 88 S. Ct. 1496, 7401 (1968). Modification of an injunction is particularly appropriate where, as here, the defendant has acted to frustrate the purpose of the original injunction. *See Philip Morris USA, Inc. v. Otamedia Ltd.*, 331 F. Supp. 2d 228 (S.D.N.Y. 2004) (amending permanent injunction).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion [DE 59] is hereby **GRANTED**.

2. In accordance with Federal Rule of Civil Procedure 58, a separate second amended final judgment will be entered.

3. Plaintiffs are ordered to serve a copy of this Order upon Defendants (a) via electronic mail ("e-mail") to the e-mail addresses provided by Defendants (i) as

2

part of the domain registration data for each of their respective Subject Domain Names, including service via registrar for each of the Subject Domain Names, or (ii) directly on the Internet websites operating under the corresponding Subject Domain Names, including customer service e-mail addresses and onsite contact forms; and (b) via publication by posting a true and accurate copy of the foregoing on the website http://servingnotice.com/BL4G47/index.html.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida, this 13th day of February, 2017.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:

Counsel of Record