UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61002-CIV-DIMITROULEAS/SNOW

ABS-CBN CORPORATION, *et al.*,

    Plaintiffs,

vs.

FREEPINOYCHANNEL.COM, *et al.*,

    Defendants.

                                       /

## SECOND AMENDED FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION

THIS CAUSE is before the Court on Plaintiffs' Second Motion to Amend Final Default Judgment and Permanent Injunction to Add New Domain Name (the "Motion") [DE 59], filed herein on February 13, 2017. The Court granted the Motion in an Order entered separately today. Pursuant to Federal Rule of Civil Procedure 58(a), the Court enters this separate second amended final judgment.

Accordingly, it is **ORDERED AND ADJUDGED** that Amended Final Default Judgment is hereby entered against Defendants, the Individuals, Partnerships and Unincorporated Associations identified on Schedule "A" hereto (collectively "Defendants") as follows:

(1)    Permanent Injunctive Relief:

Defendants and their officers, agents, servants, representatives, employees and attorneys, and all persons acting in concert and participation with Defendants are hereby permanently restrained and enjoined from:

    a.    advertising, promoting, performing, copying, broadcasting, performing, and/or distributing any of Plaintiffs' content or copyrighted works;

b. advertising, promoting, offering, using, or causing to be advertised, promoted, or offered, services using Plaintiffs' registered or common law trademarks identified in Paragraphs 14 and 18 of the Complaint (the "ABS-CBN Marks");

c. using the ABS-CBN Marks in connection with any services;

d. using any logo, and/or layout which may be calculated to falsely advertise the content or services of Defendants offered on the domain names identified on Schedule "A" hereto (collectively, the "Subject Domain Names") and/or any other website or business, as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiffs;

e. falsely representing themselves as being connected with Plaintiffs, through sponsorship or association;

f. engaging in any act which is likely to falsely cause members of the public to believe any content or services of Defendants offered via the Subject Domain Names and/or any other website or business are in any way endorsed by, approved by, and/or associated with Plaintiffs;

g. using any reproduction, counterfeit, copy, or colorable imitation of the ABS-CBN Marks in connection with the publicity, promotion, advertising, or distribution of any content or services by Defendants via the Subject Domain Names and/or any other website or business;

h. affixing, applying, annexing or using in connection with the promotion, distribution, or advertisement of any content or services, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' content or services offered by the Defendants via the Subject Domain Names and/or any other website or business, as being connected with Plaintiffs, or in any way endorsed by Plaintiffs;

i. otherwise unfairly competing with Plaintiffs;

j. using the ABS-CBN Marks, or any confusingly similar trademarks, within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and from any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by Defendants, including the Internet websites operating under all of the Subject Domain Names; and

k. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

(2) Additional Equitable Relief:

    a. In order to give practical effect to the Permanent Injunction, the Subject Domain Names are hereby ordered to be immediately transferred by Defendants, their assignees and/or successors in interest or title, and the Registrars to Plaintiffs' control. To the extent the current Registrars do not facilitate the transfer of the domain names to Plaintiffs' control within five (5) days of receipt of this judgment, the Registries shall, within thirty (30) days, change the Registrar of Record for the Subject Domain Names to a Registrar of Plaintiffs' choosing, and that Registrar shall transfer the Subject Domain Names to Plaintiffs; and

    b. Upon Plaintiffs' request, the top-level domain (TLD) Registry for each of the Subject Domain Names, within thirty (30) days of receipt of this Order, shall cancel or place the Subject Domain Names on Registry Hold status for the life of the current registration, thus removing them from the TLD zone files maintained by the Registry which link the Subject Domain Names to the IP addresses where the associated websites are hosted.

(3) Statutory damages pursuant to 15 U.S.C. § 1117(c):

    a. Award Plaintiffs statutory damages of $1,000,000.00 against each Defendant pursuant to 15 U.S.C. § 1117(c), for which let execution issue.

(4) Statutory damages pursuant to 17 U.S.C. § 504(c):

    a. Award Plaintiffs statutory damages of $180,000.00 against Defendant 1 – freepinoychannel.com, pursuant to 17 U.S.C. § 504(c), for which let execution issue;

    b. Award Plaintiffs statutory damages of $90,000.00 against Defendant 2 – lambingan.to, pursuant to 17 U.S.C. § 504(c), for which let execution issue;

    c. Award Plaintiffs statutory damages of $240,000.00 against Defendant 3 – pinoymovie.to, pursuant to 17 U.S.C. § 504(c), for which let execution issue;

    d. Award Plaintiffs statutory damages of $90,000.00 against Defendant 4- pinoynetwork.to, pursuant to 17 U.S.C. § 504(c), for which let execution issue;

    e. Award Plaintiffs statutory damages of $180,000.00 against Defendant 6 – pnoytambayantv.com, pursuant to 17 U.S.C. § 504(c), for which let execution issue;

       f.    Award Plaintiffs statutory damages of $90,000.00 against Defendant 7 – tambaytayo.com, pursuant to 17 U.S.C. § 504(c), for which let execution issue.

(5) The bond posted by Plaintiffs in the amount of $10,000.00 is hereby ordered released by the Clerk.

(6) Interest from the date this action was filed shall accrue at the legal rate. *See* 28 U.S.C. § 1961.

(7) The Court retains jurisdiction to enforce this Judgment and permanent injunction.

(8) Plaintiffs are ordered to serve a copy of this Order upon Defendants (a) via electronic mail ("e-mail") to the e-mail addresses provided by Defendants (i) as part of the domain registration data for each of their respective domain names, including service via registrar for each of the Subject Domain Names, or (ii) directly on the Internet websites operating under the corresponding Subject Domain Names, including customer service e-mail addresses and onsite contact forms; and (b) via publication by posting a true and accurate copy of the foregoing on the website http://servingnotice.com/BL4G47/index.html.

(9) The Clerk is directed to **CLOSE** this case and **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida, this 13th day of February, 2017.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

4

Copies furnished to:

Counsel of Record

## SCHEDULE A
## DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAME

| Defendant Number | Subject Domain Name |
|---|---|
| 1 | freepinoychannel.com |
| 2 | lambingan.to |
| 2 | lambingan.ru |
| 2 | lambingan.se |
| 2 | lambingan.su |
| 2 | lambingan.me |
| 3 | pinoymovie.to |
| 3 | pinoymovie.se |
| 3 | pinoymovie.ca |
| 4 | pinoynetwork.to |
| 4 | pinoynetwork.se |
| 4 | pinoynetwork.tv |
| 4 | pinoynetwork.ru |
| 4 | pinoychow.com |
| 4 | pinoyrepublic.info |
| 4 | pinoyrepublic.tv |
| 5 | pinoytambayan-replay.com |
| 6 | pnoytambayantv.com |
| 7 | tambaytayo.com |
| 8 | tvnijuan.net |
| 9 | phstream.com |
| 10 | streampinoy.info |
| 11 | tambayanatin.com |